**Debra KEACH and Patricia Sage, Plaintiff,**

v.

**U.S. TRUST COMPANY, N.A., et al., Defendants.**

No. 01–1168.

United States District Court, C.D. Illinois, Peoria Division.

Dec. 18, 2002.

Dean B. Rhoads, Robert Rhode, Edward Sutkowski, Steven Oates, Sean Anderson, Gregory J. Pals, Sutkowski & Rhoads, Peoria, IL, for Plaintiffs Debra Keach and Patricia Sage.

Timothy Bertschy, Robert Eccles, Shannon M. Barrett, Heyl, Royster, Voelker & Allen, Peoria, IL, O'Melveny & Myers LLP, Washington, DC, for Defendant U.S. Trust Company, NA, fka U.S. Trust Company of California.

Charles Roth, James Springer, Joseph Z. Sudow, Michael T. Graham, Nancy Ross, Trent P. Cornell, Kavanagh Scully Sudow White & Frederick, Peoria, IL, McDermott Will & Emery, Duane Morris LLC, Chicago, IL, for Defendant Ellen D. Foster, Executrix of the Estate of Thomas S. Foster and as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Michael T. Graham, Nancy Ross, McDermott Will & Emery, Chicago, IL, for Defendant the Northern Trust Company, an Illinois Corporation as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Richard J. Paulter, Jennifer Baetje, Thompson & Coburn, St. Louis, MO, for Defendants Robert A. Ostertag, Jr., Terry P. Cole, Alan R. Dix, Jon Elletson, A. Robert Pellegrino.

James Bailey, Paul Ondrasik, Jr., Roy Davis, David Lubben, Steptoe & Johnson, Washington, DC, Davis & Campbell LLC, Peoria, IL, for Defendants Valuemetrics, Inc.

Mark Casciari, Ian Hugh Morrison, Sari M. Alamuddin, Chicago, IL, for Defendant Houlihan, Lokey, Howard & Zukin, Inc.

Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant Stephen P. Bartley.

Stephen Gay, Jeffrey Alan Ryva, Husch & Eppenberger LLC, Peoria, IL, for Defendant Lyle Dickes.

Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant James Freid.

Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant Dale Fujimoto.

John Elias, Robert Riffle, Cynthia Elias, Elias Meginnes Riffle & Seghetti, Peoria, IL, for Defendant William Gehring, Henry Gregory, II, John F. Halpin, James Kyle, John Lappegaard, George McKittrick, Clayton Patino, Jerry Rathmann, W. Thomas Stumb, Mark Swedlund, Leo Vanderlugt, Robert Wilson, Bruce Wright.

Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant Richard Hodgson.

Dean Essig, Washington, IL, for Defendant Gregory McAllister.

Charles Roth, James Springer, Joseph Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendants Michael Norbutas, Frederick Stuber, and For Defendant Ashley Anne Foster, as trustee or agent of the Ashley Anne Foster Irrevocable Trust, and Melvyn R. Regal, individually, as trustee or agent of the Steven Jay Regal Trust, as trustee or agent of the Judi Lynn Regal Trust, and as trustee or agent of the John E. Regal Trust.

## ORDER

MIHM, District Judge.

Now before the Court is a Motion for Summary Judgment by Defendants Ostertag, Cole, Dix, and Elletson (hereinafter referred to collectively as the "Cole Defendants"). For the reasons set forth below, the Motion for Summary Judgment [# 361] is GRANTED IN PART and DENIED IN PART.

## FACTUAL BACKGROUND

The basic factual background has been sufficiently set forth in the prior orders of this Court, and familiarity therewith is presumed. The present motion is brought by the Cole Defendants in their capacity as members of the ESOP's Administrative Committee. The matter is now fully briefed and ready for resolution. This Order follows.

## DISCUSSION

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cain v. Lane,* 857 F.2d 1139, 1142 (7th Cir.1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue

for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson Nat. Life Ins. Co.,* 883 F.2d 1307, 1312 (7th Cir.1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir.1995).

The Cole Defendants have moved for summary judgment based on essentially two arguments: (1) they were not fiduciaries to the ESOP plan at the time of the 1995 stock purchase transaction because they were not members of the Administrative Committee at that time, and (2) once they became members of the Administrative Committee, they did not breach any duty owed to the plan. Each argument will be addressed in turn.

█ A fiduciary is one who owes duties to the plan participants and beneficiaries; a fiduciary must exercise care, skill, prudence, and diligence in fulfilling those duties. 29 U.S.C. § 1104(a). Under ERISA, an individual or entity can become a fiduciary in three ways: (1) being named as a fiduciary in the written plan instrument, 29 U.S.C. § 1102(a); (2) being named and identified as a fiduciary pursuant to a procedure specified in the written plan instrument, 29 U.S.C. § 1102(a)(2); or (3) meeting the definition of a fiduciary contained in 29 U.S.C. § 1002(21):

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Here, the ESOP plan document provides:

> The authority to control and manage the operation and administration of the Plan is vested in a committee (the "Committee") appointed by the Board of Directors of the Company (as described in Section 12). The members of the Committee shall be "named fiduciaries", as described in Section 402 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), with respect to their authority under the Plan.

Plan Document, § 1.3. Under this provision, Defendants Robert Ostertag ("Ostertag"), Terry Cole ("Cole"), Alan Dix ("Dix"), and Jon Elletson ("Elletson") were named fiduciaries as part of the ESOP's Administrative Committee at some time relevant to this litigation. That being said, it is undisputed that none of them were members of that committee at the time of the 1995 transaction. In fact, only Ostertag was even employed by F & G at that time. According to their Affidavits, Ostertag was appointed to the Administrative Committee by the F & G Board in May 1996, while Cole, Dix, and Elletson did not join the Committee until July 1997.

Although the Amended Complaint is somewhat unclear as to the precise nature of the claim being asserted against these Defendants, and Plaintiffs themselves argue somewhat inconsistently, the Court does not interpret their claim as a contention that the Cole Defendants had any duty or ability to prevent the 1995 stock purchase transaction from going forward. To the extent that such an argument was

intended, however, ERISA makes it clear that no fiduciary can be held liable for any breach of fiduciary duty that occurred either before he became a fiduciary or after he ceased to be a fiduciary. 29 U.S.C. § 1109(b). Accordingly, the Cole Defendants are entitled to summary judgment with respect to any assertion in the Amended Complaint that suggests liability for failing to prevent the 1995 stock purchase transaction or other events that occurred before they became named fiduciaries as members of the ESOP Administrative Committee.

Plaintiffs argue that once they became fiduciaries, the Cole Defendants had a duty to independently oversee the actions of U.S. Trust and other fiduciaries, monitor the investments of the plan on an ongoing basis, monitor the conduct of other fiduciaries to the plan, remedy any breaches by such fiduciaries, disclose material information to the plan's participants and beneficiaries, and otherwise deal with the plan and its assets "in the most scrupulous, prudent, diligent, skillful, and loyal manner." According to this theory, the Cole Defendants' failure to act resulted in a breach of their fiduciary duties.

■ Plaintiffs assert that the Cole Defendants breached their fiduciary duty when they stood idly by and watched the plan assets decline dramatically in value without undertaking any investigation into the cause of that decline or possible recourse. In so arguing, Plaintiffs suggest that these Defendants should have had reason to suspect that some impropriety in connection with the 1995 and 1997 stock purchase transactions was responsible for the decline in value of the ESOP's assets and they therefore had a duty to scour all past investments and the activities of all fiduciaries involved in an effort to uncover any past wrongdoing upon which the loss could be predicated. Although the law does not support the suggestion that a fiduciary must sua sponte undertake an examination of all prior transactions involving the plan in an attempt to uncover past misdeeds by other fiduciaries, the law does recognize a duty to act prudently in the interests of the plan.

■ Defendants proclaim an absence of actual knowledge of impropriety. It is well-established that actual knowledge by a fiduciary is required in order for co-fiduciary liability to attach under § 405(a). *Donovan*, 716 F.2d at 1475. Specifically, the co-fiduciary liability provisions provide:

> In addition to any liability which he may have under any other provision of this part, a fiduciary with respect to the plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). As the Cole Defendants have submitted affidavits attesting to their lack of actual knowledge of any breach by any other fiduciary, and Plaintiffs have not introduced evidence sufficient to refute their assertions, the Cole Defendants are also entitled to summary judgment on any claim of co-fiduciary liability pursuant to § 405(a) of ERISA.

■ That being said, although a lack of actual knowledge may be a defense to co-fiduciary liability, that is not the standard for a claim that they breached their

own fiduciary duties to the plan by failing to act in the best interests of the plan and its beneficiaries. An ERISA fiduciary owes duties of loyalty and care to the plan and must "discharge his [or her] duties with respect to [the] plan solely in the interest of the participants and beneficiaries." *Mira v. Nuclear Measurements Corporation,* 107 F.3d 466, 471 (7th Cir. 1997), *citing* 29 U.S.C. § 1104(a)(1); *Frahm v. Equitable Life Assurance Society of the United States,* 137 F.3d 955, 960 (7th Cir.1998) (noting that "[s]ection 1104(a)(1)(A) creates a duty of loyalty" and "[s]ection 1104(a)(1)(B) creates a duty of care.") The fiduciary must also act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *Mira,* 107 F.3d at 471, *citing* 29 U.S.C. § 1104(a)(1)(B); *Frahm,* 137 F.3d at 960. This latter duty is addressed to the overall management of the plan and its assets. *Id.*

█ As the Fifth Circuit aptly stated with respect to a claimed breach of a fiduciary's own duty to the plan, "this is not a search for subjective good faith—a pure heart and an empty head are not enough." *Donovan v. Cunningham,* 716 F.2d 1455, 1467 (5th Cir.1983). ERISA's prudent person standard is objective, focusing on the conduct of the particular fiduciary. In other words, whether any given fiduciary acted prudently is generally a question of fact, and this case presents no exception to the general rule. When viewing the facts in the light most favorable to the Plaintiffs, as the Court must at this stage of the litigation, a reasonable fact finder could conclude that following the precipitous drop in the value of the ESOP's assets in 1998, the Cole Defendants' buried their heads in the sand and failed to take appropriate action to seek redress to recoup the loss or otherwise protect the remaining plan assets and, by virtue of this failure, fell below the standard of care required of ERISA fiduciaries. While the Court has rejected the necessity of the degree of investigation suggested by Plaintiffs, the outcome of this motion may very well have been different had the Cole Defendants undertaken any type of reasonable action to verify the cause of the plan loss once they became aware of it in 1998 or look into any possibilities for recovering lost assets or at least how to better preserve the remaining plan funds for the benefit of the participants. Although there may be some reasonable explanation for their apparent inaction, their Affidavits suggest little more than an "ostrich" defense that presents questions of credibility and precludes the entry of summary judgment in their favor. Accordingly, the Cole Defendants have failed to show that there are no genuine issues of material fact regarding the reasonableness of their conduct, and the present motion must be denied with respect to their alleged breach of their fiduciary duty of care.

█ The Cole Defendants argue that even assuming that they breached some duty by failing to take action to redress the ESOP's losses, Plaintiffs have suffered no damage as the Plaintiffs could have taken any action that they could have taken. While this may be true as to the nature of any action that could have been taken, the same does not follow with respect to the timing. Fiduciaries in possession of and charged with the dissemination of information to the plan's beneficiaries are in a unique position to take quicker action than the beneficiaries, and it is not difficult to surmise that in any given case, quicker action may prevent the dissipation of assets and promote the possibility of recovery by the plan in the event that a non-exempt prohibited transaction is later established. Furthermore, adopting De-

fendants' position would effectively negate the concept of co-fiduciary liability in most cases, because ERISA accords standing to an aggrieved beneficiary to bring a suit for breach of fiduciary duty, and therefore, a beneficiary could necessarily obtain the same relief as a co-fiduciary where there has been a past breach of fiduciary duty; this interpretation would render 29 U.S.C. § 1105(a)(3) meaningless. Thus, the Court rejects the argument that Plaintiffs' ability to bring this action absolves the Cole Defendants of any liability. *See also, Martin v. Feilen,* 965 F.2d 660, 671–72 (8th Cir. 1992).

## CONCLUSION

For the reasons set forth above, the Cole Defendants' Motion for Summary Judgment [# 361] is GRANTED IN PART and DENIED IN PART.